UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENNETH YOUNG | Case No. 2:22-CR-20 JD |

**OPINION AND ORDER**

On December 9, 2022, Defendant Kenneth Young filed a notice with the Court waiving his right to a jury trial in this case. (DE 25.) On December 15, the Government responded to the notice by indicating that it "does not consent to a bench trial." (DE 30.)

According to Federal Rule of Criminal Procedure 23(a), "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Here, although Mr. Young has properly waived a jury trial, the Government has not consented. And while the Government has not stated any reason for its decision not to consent, it does not have to. *See Singer v. United States*, 380 U.S. 24, 37 (1965) (" . . . Rule 23(a) does not require that the Government articulate its reasons for demanding a jury trial at the time it refuses to consent to a defendant's proffered waiver." Therefore, "the trial must be by jury." Fed. R. Crim. P. 23(a); *see also Singer*, 380 U.S. at 36 ("We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him.") Accordingly, the Court REAFFIRMS the jury trial setting.

SO ORDERED.

ENTERED: December 20, 2022

                                               /s/ JON E. DEGUILIO
                                               Chief Judge
                                               United States District Court